FILED

JAN 23 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

FEB 1 9 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. RAYMOND ALLEN THOMAS, Defendant - Appellant. | No. 05-30074<br><br>D.C. No. CR-03-00028-F-RRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted December 6, 2006
Seattle, Washington

Before: B. FLETCHER and McKEOWN, Circuit Judges, and SCHWARZER**, District Judge.

Raymond Thomas appeals the district court's denial of his suppression motion and challenges the reasonableness of his sentence. We affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Police seized from the mail a package containing more than a kilogram of cocaine and, after inserting an alerting device, made a controlled delivery of the package. Within minutes of making the delivery, law enforcement officers watched Mr. Thomas exit the delivery location with a similar-looking package. Officers kept Thomas under surveillance and, after hearing the alerting device indicate that the package had been opened, arrested Thomas in the arctic entrance to his house. They searched him, conducted a protective sweep of his house, and thereafter an officer obtained a warrant to search Thomas's house for the suspect package and other indicia of drug dealing. After the district court denied Thomas's motion to suppress the evidence seized during that search, Thomas conditionally pleaded guilty to possession of more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a), (b)(1)(B).

Based on the amount of cocaine involved and consideration of Thomas's two prior drug convictions, the presentence-report ("PSR") advised an offense level of 37 and a criminal history category of VI for a range of 360 months to life. After accepting the PSR recommendation, the district court reduced the offense level by two levels for acceptance of responsibility and by one additional level because Thomas's prior drug convictions were old and involved small drug

quantities. The resulting guidelines range was 262 - 327, and the court sentenced Thomas to 265 months imprisonment.

## I.

We begin by assuming, without deciding, the illegality of Thomas's warrantless arrest and the ensuing protective search. *See Payton v. New York*, 445 U.S. 573, 590 (1980). Nevertheless, the affidavit supporting the search warrant established probable cause even after we excise evidence gathered from Thomas's post-arrest search and the protective sweep. *See Barajas-Avalos*, 377 F.3d 1040, 1058 (9th Cir. 2004). Therefore, we hold that the district court correctly denied Thomas's motion to suppress.

## II.

At the outset of our consideration of the sentence imposed, we reject the government's contention that we lack jurisdiction to hear Thomas's challenge to a sentence that falls within or below the correctly calculated Guidelines range. 18 U.S.C. § 3742(a)(1); *United States v. Plouffe,* 445 F.3d 1126, 1128 (9th Cir. 2006) ("*Booker* requires that appellate courts review the reasonableness of *all* sentences.").

Nonetheless, we affirm the sentence imposed by the district court.[1] Although the district court gave the Guidelines range "significant, significant weight," it also explicitly considered the majority of the § 3553(a) factors. It noted the seriousness of Thomas's offense and its impact on the community; commented that Thomas had had opportunities to work and to seek rehabilitation but had not taken advantage of those opportunities; noted that Thomas had no official source of income for several years, implying that he was a full-time drug-dealer; acknowledged that Thomas served in the military in Vietnam and had received an honorable discharge; weighed the need for a substantial sentence to deter Thomas and others and to protect the community from drugs. It stated that Thomas was a "career offender in this sense that this is your career," but that his prior qualifying offenses involved small amounts of drugs; and stated that it weighed all these factors in determining the appropriate sentence. In sum, the district court adequately considered the § 3553(a) factors and arrived at a not unreasonable sentence. *See Rita v. United States*, 127 S. Ct. 2456, 2468, 2470 (2007).

**AFFIRMED.**

A TRUE COPY
ATTEST   2/14/08
CATHY A. CATTERSON,
Clerk of Court
by: _____
Deputy Clerk

---

[1] Thomas does not challenge the district court's calculation of the Guidelines range applicable to his offense and criminal history, so we conduct only the reasonableness inquiry. *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006).